**In re Harold Ryland GREEN, Jr., Debtor.**

**Bankruptcy No. 80–00426.**

United States Bankruptcy Court, E. D. Virginia, Alexandria Division.

June 1, 1981.

Ern Reynolds, Manassas, Va., for debtor.

Gerald M. O'Donnell, Trustee in Bankruptcy.

William B. Moore, Arlington, Va., for Interstate Federal Savings and Loan Association.

## MEMORANDUM OPINION AND ORDER

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

This matter is before the Court on the objections of the trustee, Gerald M. O'Donnell, Esquire, to the confirmation of a Chapter 13 plan proposed by Harold Ryland Green, Jr., the debtor herein. The plan, as amended, called initially for the sale of the debtor's condominium (located in Manassas, Virginia). The equity proceeds of this contemplated sale were to fund the plan.

At the confirmation hearing, the trustee recommended against confirmation on the grounds that the debtor's classification of creditors represented an unfair discrimination under 11 U.S.C. § 1322(b)(1), and was not proposed in good faith as required by 11 U.S.C. § 1325(a)(3). After hearing argument by the parties the Court ordered the confirmation hearing continued to a date certain for the filing of memoranda by the parties as to whether the plan should be confirmed.

In the interim, Interstate Federal Savings and Loan Association ("Interstate Federal") filed a complaint for relief from the stay imposed upon it by virtue of the debtor having filed a Chapter 13 petition. Interstate Federal was the holder of a note then in default that had been executed by the debtor. This note was secured by a deed of trust recorded in Deed Book 890, at page 674, among the land records of Prince William County, Virginia. The relief sought in the complaint was to allow Interstate Federal to initiate foreclosure proceedings on the debtor's condominium.

At the conclusion of the referenced hearing for relief from stay, the Court determined that if the debtor was unable to sell the condominium in question within a reasonable time Interstate Federal's request for relief from stay to proceed with a foreclosure sale would be granted. The debtor was unable to sell his condominium within the period specified by the Court. Thereafter, the Court entered an Order granting Interstate Federal relief from the Chapter 13 stay.

The Court notes that the foreclosure sale conducted by Interstate Federal did not yield equity proceeds sufficient to fund the plan as contemplated by the debtor. A careful review of the record reveals no other source of monies which could be utilized by the debtor to fund his plan. Therefore, the Court must conclude that the debtor's plan is clearly not feasible.

Accordingly, IT IS

ORDERED, that the confirmation of the debtor's Chapter 13 plan be, and the same hereby is, DENIED.[1]

---

1. The Court in a recent decision, *In re Hurdle*, 11 B.R. 304 (Bkrtcy.E.D.Va., 1981), determined that a Chapter 13 plan which proposes nominal, *de minimus* or no payment to holders of unsecured claims will only be confirmed under truly exceptional circumstances. The record in the present case does not reveal the existence of such exceptional circumstances so as to permit confirmation of the debtor's plan. Inasmuch as the Court has denied confirmation of the plan on other grounds, the objection raised by the trustee under 11 U.S.C. § 1322(b)(1) need not be addressed.